EXHIBIT B

## IN THE CIRCUIT COURT OF
## THE TENTH JUDICIAL CIRCUIT
## IN AND FOR POLK COUNTY, FLORIDA

### Case No.

JOSE PAGAN,

      Plaintiff

vs.

WAL-MART ASSOCIATES, INC,

      Defendant

_____/

### COMPLAINT

1. Plaintiff, Jose Pagan, ("Plaintiff"), brings this action against Defendant, WAL-MART ASSOCIATES, INC, ("Defendant") alleging as follows:

### JURY DEMAND

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

### <u>PARTIES, VENUE AND JURISDICTION</u>

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of 18 and is otherwise *sui juris*.

4. Defendant, WAL-MART ASSOCIATES, INC, is an employer within Polk County, which at all relevant times hereto violated Plaintiff's employment rights under the Americans with Disabilities Act ("ADA"), the Florida Civil Rights Act (FCRA), and, Title VII of the Civil Rights Act (Title VII). Defendant is otherwise *sui juris*.

5.   Venue is proper in Winter Haven/Polk County because Defendant employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6.   Venue is also proper in that Plaintiff and/or Defendant ("Parties") resides in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7.   All conditions precedent to the bringing of this action have occurred or been performed, i.e. a Charge of Discrimination was filed on June 12, 2020, Right to Sue Letter issued on December 15, 2020, and lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8.   This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state and/or local laws.

**COUNT ONE**
**Retaliation FCRA**

9.   Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

10. At all relevant times Plaintiff was an employee of Defendant and was qualified.

11. At all times material hereto, Defendant failed to comply with the law, which provides, in relevant part, employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

12. Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor Associate.

13. Plaintiff is a male and is gay.

14. Plaintiff was hired by Stephanie who no longer works for the Defendant.

15. Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed and retaliated against Plaintiff which ended Plaintiff employment.

16. Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to change.

17. After that point, Plaintiff needed a few days off in December for Plaintiff marriage. Co-Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet allowed other employees to take days off with no issue.

18. Plaintiff first complained about discrimination around November 2019. Plaintiff complained to the ethics hotline, but nothing was done, nor did Plaintiff get a response. Plaintiff again complained to the ethics hotline around December 2019 but was told to just fix the issue in the store.

19. This is when Plaintiff brought the discrimination to the attention of Nathan the store manager but again nothing was done, and Plaintiff again contacted the ethic hotline. This time, management outside the store location, instructed the store to approve Plaintiff days off work for Plaintiff wedding.

20. This is when the harassment and retaliation intensified, for example Co-Manager Roselin would follow Plaintiff to the bathroom asking Plaintiff why Plaintiff complained to the Ethics Line. Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

21. Co-Manager Roselin even demanded that Plaintiff returned to work prior to the expiration of approved medical leave and terminated Plaintiff before the expiration of the medical leave.

22. Its telling that Plaintiff was terminated within 2-3 months of Co-Manager Roselin being contacted by management about Plaintiff's complaints of discrimination.

23. The causal link betwene Plaintiff's protected activity to Defendant's harrasment, retalation and/or termiation, acting by and through its employees which caused an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies;  and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

24. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

25. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

26. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

27. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

28. Plaintiff hereby requests a jury trial.

29. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;

order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may

be entitled to under the applicable laws.

**COUNT TWO**
**Retaliation Title VII**

30. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

31. At all relevant times Plaintiff was an employee of Defendant and was qualified.

32. At all times material hereto, Defendant failed to comply with the law, which provides, in

relevant part, employer may not take any retaliatory personnel action against an employee

because the employee performed a protected activity and/or had a good-faith, objectionably

reasonable belief for performing such protected activity.

33. Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor

Associate.

34. Plaintiff is a male and is gay.

35. Plaintiff was hired by Stephanie who no longer works for the Defendant.

36. Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed,

and retaliated against Plaintiff which ended Plaintiff employment.

37. Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to change.

38. After that point, Plaintiff needed a few days off in December for Plaintiff marriage. Co-Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet allowed other employees to take days off with no issue.

39. Plaintiff first complained about discrimination around November 2019. Plaintiff complained to the ethics hotline, but nothing was done, nor did Plaintiff get a response. Plaintiff again complained to the ethics hotline around December 2019 but was told to just fix the issue in the store.

40. This is when Plaintiff brought the discrimination to the attention of Nathan the store manager but again nothing was done, and Plaintiff again contacted the ethic hotline. This time, management outside the store location, instructed the store to approve Plaintiff days off work for Plaintiff wedding.

41. This is when the harassment and retaliation intensified, for example Co-Manager Roselin would follow Plaintiff to the bathroom asking Plaintiff why Plaintiff complained to the Ethics Line. Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

42. Co-Manager Roselin even demanded that Plaintiff returned to work prior to the expiration of approved medical leave and terminated Plaintiff before the expiration of the medical leave.

43. Its telling that Plaintiff was terminated within 2-3 months of Co-Manager Roselin being contacted by management about Plaintiff's complaints of discrimination.

44. The causal link betwene Plaintiff's protected activity to Defendant's harrasment, retalation and/or termiation, acting by and through its employees which caused an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies;  and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

45. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

46. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

47. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

48. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

49. Plaintiff hereby requests a jury trial.

50. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT THREE**
**Discrimination Sexual Orientation FCRA**

51. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

52. At all relevant times Plaintiff was an employee of Defendant and was qualified.

53. Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor Associate.

54. Plaintiff is a male and is gay.

55. Plaintiff was hired by Stephanie who no longer works for the Defendant.

56. Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed and retaliated against Plaintiff which ended Plaintiff employment.

57. Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to change.

58. After that point, Plaintiff needed a few days off in December for Plaintiff marriage. Co-Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet allowed other employees to take days off with no issue.

59. This is when the discrimination intensified, for example Co-Manager Roselin demanded that Plaintiff return to work before the expiration of his medical leave while others were granted vacation without issue. Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

60. Its telling that Plaintiff was terminated within months of requesting vacation for his wedding and Co-Manager Roselin comments about Plaintiff's sexual orientation.

61. The causal link betwene Plaintiff's protected category and the discriminatory comments right before his termination, shows that discrimiation was the cause of Defendant's harrasment and discrimination, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

62. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

63. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

64. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were

aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

65. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

66. Plaintiff hereby requests a jury trial.

67. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT FOUR
### Discrimination Religion FCRA

68. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

69. At all relevant times Plaintiff was an employee of Defendant and was qualified.

70. Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor Associate.

71. Plaintiff is a male and is gay.

72. Plaintiff was hired by Stephanie who no longer works for the Defendant.

73. Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed and retaliated against Plaintiff which ended Plaintiff employment.

74. Plaintiff needed a few days off in December for Plaintiff marriage. Co-Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet allowed other employees to take days off with no issue.

75. As further harassment, Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

76. Its telling that Plaintiff was terminated within months of requesting vacation for his wedding and Co-Manager Roselin comments about her and Plaintiff's religious beliefs.

77. The causal link betwene Plaintiff's protected category and the discriminatory comments right before his termination, shows that discrimiation was the cause of Defendant's harrasment and discrimination, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

78. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

79. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

80. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

81. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

82. Plaintiff hereby requests a jury trial.

83. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT FIVE**
**Discrimination Sexual Orientation Title VII**

84. Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

85. At all relevant times Plaintiff was an employee of Defendant and was qualified.

86. Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor Associate.

87. Plaintiff is a male and is gay.

88. Plaintiff was hired by Stephanie who no longer works for the Defendant.

89. Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed and retaliated against Plaintiff which ended Plaintiff employment.

90. Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to change.

91. After that point, Plaintiff needed a few days off in December for Plaintiff marriage. Co-Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet allowed other employees to take days off with no issue.

92. This is when the discrimination intensified, for example Co-Manager Roselin demanded that Plaintiff return to work before the expiration of his medical leave while others were granted vacation without issue. Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

93. Its telling that Plaintiff was terminated within months of requesting vacation for his wedding and Co-Manager Roselin comments about Plaintiff's sexual orientation.

94. The causal link betwene Plaintiff's protected category and the discriminatory comments right before his termination, shows that discrimiation was the cause of Defendant's harrasment and discrimination, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a

pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

95. Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

96. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

97. Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

98. Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

99. Plaintiff hereby requests a jury trial.

100.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT SIX
## Discrimination Religion Title VII

101.   Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

102.   At all relevant times Plaintiff was an employee of Defendant and was qualified.

103.   Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor Associate.

104.   Plaintiff is a male and is gay.

105.   Plaintiff was hired by Stephanie who no longer works for the Defendant.

106.   Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed and retaliated against Plaintiff which ended Plaintiff employment.

107.   Plaintiff needed a few days off in December for Plaintiff marriage. Co-Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet allowed other employees to take days off with no issue.

108.   In further harassment, Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

109.   Its telling that Plaintiff was terminated within months of requesting vacation for his wedding and Co-Manager Roselin comments about her and Plaintiff's religious beliefs.

110.   The causal link betwene Plaintiff's protected category and the discriminatory comments right before his termination, shows that discrimiation was the cause of Defendant's

harrassment and discrimination, acting by and through its employees which caused;  an

adverse employment actions; made Plaintiff and other employees reluctant to exercise their

rights; lead to a pattern, practice and/or policy of illegal employment action; failure to

enforce any policy against such illegal activity; failure to follow Defendant's own

employment policies; and/or Defendant took these adverse employment actions in substantial

part because of Plaintiff's protected activity.

111.    Defendant did not act in good faith nor did they have an objective, reasonable ground to

believe that their action did not violate the law.

112.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered

damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

113.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate

cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were

aggravated by the kind of willfulness, wantonness and malice for which the law allows the

imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such

conduct in similar situations.

114.    Defendant' actions and conduct as described herein and the resulting damage and loss to

Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks

recovery of reasonable and necessary attorney's fees.

115.    Plaintiff hereby requests a jury trial.

116.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

### COUNT SEVEN
### Discrimination Sex Title FCRA

117.   Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

118.   At all relevant times Plaintiff was an employee of Defendant and was qualified.

119.   Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor Associate.

120.   Plaintiff is a male and is gay.

121.   Plaintiff was hired by Stephanie who no longer works for the Defendant.

122.   Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed and retaliated against Plaintiff which ended Plaintiff employment.

123.   Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to change.

124.   This is when the discrimination intensified, for example Co-Manager Roselin demanded that Plaintiff return to work before the expiration of his medical leave while others were granted vacation without issue. Co-Manager Roselin would even approach Plaintiff in an

aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

125.    Its telling that Plaintiff was terminated within months Co-Manager Roselin comments about Plaintiff's sex.

126.    The causal link betwene Plaintiff's protected category and the discriminatory comments right before his termination, shows that discrimiation was the cause of Defendant's harrasment and discrimination, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

127.    Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

128.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

129.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

130.    Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

131.    Plaintiff hereby requests a jury trial.

132.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## COUNT EIGHT
### Discrimination Sex Title VII

133.    Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

134.    At all relevant times Plaintiff was an employee of Defendant and was qualified.

135.    Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales Floor Associate.

136.    Plaintiff is a male and is gay.

137.    Plaintiff was hired by Stephanie who no longer works for the Defendant.

138.    Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed and retaliated against Plaintiff which ended Plaintiff employment.

139.    Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to change.

140.    This is when the discrimination intensified, for example Co-Manager Roselin demanded that Plaintiff return to work before the expiration of his medical leave while others were granted vacation without issue. Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks.

141.    Its telling that Plaintiff was terminated within months Co-Manager Roselin comments about Plaintiff's sex.

142.    The causal link betwene Plaintiff's protected category and the discriminatory comments right before his termination, shows that discrimiation was the cause of Defendant's harrasment and discrimination, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

143.    Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

144.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

145.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

146.    Defendant' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

147.    Plaintiff hereby requests a jury trial.

148.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT NINE**
**Discrimination Disability -FCRA**

149.    Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

150.    At all relevant times Plaintiff was an employee of Defendant and was qualified.

151.    Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales

Floor Associate.

152.    Plaintiff is a male and is gay.

153.    Plaintiff was hired by Stephanie who no longer works for the Defendant.

154.    Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed

and retaliated against Plaintiff which ended Plaintiff employment.

155.    Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male

characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and

made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to

change.

156.    After that point, Plaintiff needed a few days off in December for Plaintiff marriage. Co-

Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet

allowed other employees to take days off with no issue.

157.    Plaintiff first complained about discrimination around November 2019. Plaintiff

complained to the ethics hotline, but nothing was done, nor did Plaintiff get a response.

Plaintiff again complained to the ethics hotline around December 2019 but was told to just

fix the issue in the store.

158.    This is when Plaintiff brought the discrimination to the attention of Nathan the store

manager but again nothing was done, and Plaintiff again contacted the ethic hotline.

159.    This is when the harassment, discrimination and retaliation intensified, for example Co-

Manager Roselin would follow Plaintiff to the bathroom asking Plaintiff why Plaintiff

complained to the Ethics Line.

160.    Due to the above harassment, discrimination and retaliation, Plaintiff formed a mental impairment that was causing him not to be able to complete daily life activities, such as working, and required medical assistance. Plaintiff requested time off work as an accommodation from February 1 to March 15, which was approved by Sedgewick, Defendant's third-party administrator.

161.    At this point Plaintiff was also perceived to be disabled.  Co-Manager Roselin kept harassing Plaintiff to come to work despite the fact that Plaintiff was granted medical leave as an accommodation due to Plaintiff disability.

162.    Co-Manager Roselin forced Plaintiff to report to work even after Plaintiff was granted the leave of absence. Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks knowing that Plaintiff suffered from a disability.

163.    Plaintiff was terminated while he was supposed to be on medical leave.

164.    The causal link betwene Plaintiff's protected category and the discriminatory comments/actions right before his termination, shows that discrimiation was the cause of Defendant's harrasment and discrimination, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

165.    Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

166.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered

damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

167.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate

cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were

aggravated by the kind of willfulness, wantonness and malice for which the law allows the

imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such

conduct in similar situations.

168.    Defendant' actions and conduct as described herein and the resulting damage and loss to

Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks

recovery of reasonable and necessary attorney's fees.

169.    Plaintiff hereby requests a jury trial.

170.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;

order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may

be entitled to under the applicable laws.

**COUNT TEN**
**Discrimination Disability -ADA**

171.    Plaintiff repeats and realleges paragraphs 1 through 8, as if fully set forth herein.

172.    At all relevant times Plaintiff was an employee of Defendant and was qualified.

173.    Plaintiff worked for Wal-Mart Associates, Inc. from 2/26/2018 to 3/13/2020 as a Sales

Floor Associate.

174.    Plaintiff is a male and is gay.

175.    Plaintiff was hired by Stephanie who no longer works for the Defendant.

176.    Plaintiff was fired by Co-Manager Roselin who is the person that discriminated, harassed

and retaliated against Plaintiff which ended Plaintiff employment.

177.    Comments were made by Co-Manager Roselin about Plaintiff lacking stereotypical male

characteristics when Co-Manager Roselin told Plaintiff that Plaintiff dressed like a girl and

made it known that she did not appreciate the way Plaintiff dressed and wanted Plaintiff to

change.

178.    After that point, Plaintiff needed a few days off in December for Plaintiff marriage. Co-

Manager Roselin denied this because she said, "in the eyes of God that is abominable," yet

allowed other employees to take days off with no issue.

179.    Plaintiff first complained about discrimination around November 2019. Plaintiff

complained to the ethics hotline, but nothing was done, nor did Plaintiff get a response.

Plaintiff again complained to the ethics hotline around December 2019 but was told to just

fix the issue in the store.

180.    This is when Plaintiff brought the discrimination to the attention of Nathan the store

manager but again nothing was done, and Plaintiff again contacted the ethic hotline.

181.    This is when the harassment, discrimination and retaliation intensified, for example Co-

Manager Roselin would follow Plaintiff to the bathroom asking Plaintiff why Plaintiff

complained to the Ethics Line.

182.   Due to the above harassment, discrimination and retaliation, Plaintiff formed a mental impairment that was causing him not to be able to complete daily life activities, such as working, and required medical assistance. Plaintiff requested time off work as an accommodation from February 1 to March 15, which was approved by Sedgewick, Defendant's third-party administrator.

183.   At this point Plaintiff was also perceived to be disabled.  Co-Manager Roselin kept harassing Plaintiff to come to work despite the fact that Plaintiff was granted medical leave as an accommodation due to Plaintiff disability.

184.   Co-Manager Roselin forced Plaintiff to report to work even after Plaintiff was granted the leave of absence. Co-Manager Roselin would even approach Plaintiff in an aggressive manner, yelling at Plaintiff accusing Plaintiff of not doing his job during his breaks knowing that Plaintiff suffered from a disability.

185.   Plaintiff was terminated while he was supposed to be on medical leave.

186.   The causal link betwene Plaintiff's protected category and the discriminatory comments/actions right before his termination, shows that discrimiation was the cause of Defendant's harrasment and discrimination, acting by and through its employees which caused;  an adverse employment actions; made Plaintiff and other employees reluctant to exercise their rights; lead to a pattern, practice and/or policy of illegal employment action; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

187.   Defendant did not act in good faith nor did they have an objective, reasonable ground to believe that their action did not violate the law.

188.    As a direct and proximate result of the aforementioned acts, Plaintiff has suffered

damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

189.    Defendant' actions were harsh, oppressive, and malicious, and as a further and proximate

cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were

aggravated by the kind of willfulness, wantonness and malice for which the law allows the

imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to

be determined by the trier of fact to serve as punishment to deter Defendant from such

conduct in similar situations.

190.    Defendant' actions and conduct as described herein and the resulting damage and loss to

Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak

Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks

recovery of reasonable and necessary attorney's fees.

191.    Plaintiff hereby requests a jury trial.

192.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as

follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future

loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages;

order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in

lieu of reinstatement, award front pay (including benefits); award to Plaintiff all costs and

reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such

additional or alternative relief as the Court deems just and proper and/or which Plaintiff may

be entitled to under the applicable laws.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for past and future loss of wages and benefits, plus interest;

C. Award Plaintiff compensatory and punitive damages;

D. Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F. Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.


Dated: January 28, 2021                    Respectfully submitted,

                                           /s/Alberto Naranjo
                                           AN Law Firm, P.A.
                                           7900 Oak Lane #400
                                           Miami Lakes, FL 33016-5888
                                           United States
                                           Office: 305-942-8070
                                           Email: an@anlawfirm.com
                                           Counsel for Plaintiff